# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2131

_____

| | | |
|---|---|---|
| Marco Sanchez-Velasco, | * | |
| | * | |
| Petitioner, | * | |
| | * | On Petition for Review of an |
| v. | * | Order from the Board of |
| | * | Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: January 14, 2010
Filed: January 20, 2010

_____

Before MURPHY and BYE, Circuit Judges, and GOLDBERG,[1] Judge.

_____

MURPHY, Circuit Judge.

Marco Sanchez-Velasco petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of his application for cancellation of removal on the basis that he failed to prove that he had been continuously physically present in the United States for ten years, as

_____

[1]The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

required under 8 U.S.C. § 1229b(b)(1)(A). Sanchez-Velasco argues that the IJ held him to an impermissibly high burden of proof and denied him due process of law by deeming his testimony insufficient by itself and by pretermitting his application before two witnesses testified. We deny the petition.

## I.

Sanchez-Velasco is a native and citizen of Mexico who was charged on October 26, 2007 with removability as an inadmissible alien, in violation of 8 U.S.C. § 1182(a)(6)(A)(I). He conceded removability but sought cancellation of removal under § 1229b(b)(1)(A), which required him to prove that he had been continuously physically present in the country since at least October 26, 1997. Id.; § 1229b(d)(1) (term of continuous physical presence deemed to terminate upon service of notice to appear). At a master calender hearing before the IJ, Sanchez-Velasco testified that he, his sister, and his mother had entered the United States without admission or parole on or about December 17, 1996. They resided in California for approximately six months before moving to Illinois, where he attended elementary, junior high, and high school. He submitted school records which indicated that he had attended an elementary school in Collinsville, Illinois from March 5, 1998 through 2000 and that he had attended junior high school there in 2001. He also testified that although his parents lived in Illinois and could attest to his 1996 entry, they refused to testify for fear of being subjected to removal proceedings.

After Sanchez-Velasco testified, the Department of Homeland Security moved to pretermit his application on the basis that he had failed to prove that he had been present in the country since October 26, 1997. The IJ agreed, noting that the school records established his presence in the country only as of March 1998. Although the IJ did not make an adverse determination about Sanchez-Velasco's credibility, he stated that a negative inference could be drawn from petitioner's admission to using a false social security number and from his refusal to answer further questions about it. The IJ concluded that corroborating testimony from Sanchez-Velasco's parents was

available but unused, but he "underst[ood] their reluctance to testify in Court" given their lack of immigration status. After confirming that Sanchez-Velasco's two witnesses had known him for less than ten years and were present only to testify as to the hardship his removal would cause his family, the IJ found him removable and denied his application. The BIA affirmed, concluding that the IJ had neither denied Sanchez-Velasco due process nor erred in determining that he had failed to prove the requisite ten years of continuous physical presence. Sanchez-Velasco's timely petition for review of the BIA's final order of removal followed.

## II.

Although we lack jurisdiction to review the ultimately discretionary denial of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B), we are not precluded from considering "constitutional claims or questions of law raised upon a petition for review," § 1252(a)(2)(D). We also retain jurisdiction "[to] review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, 'such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility.'" Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 439 (8th Cir. 2008) (quoting Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008)). Because the BIA essentially adopted the IJ's findings and analysis, both decisions are within the scope of our review. See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 837 (8th Cir. 2004). We review conclusions of law de novo, according substantial deference to the agency's interpretation of immigration statutes and regulations. Kim v. Holder, 560 F.3d 833, 836 (8th Cir. 2009). "The administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." § 1252(b)(4)(B).

## A.

Sanchez-Velasco contends that the IJ held him to an impermissibly high burden of proof by according insufficient weight to his testimony that he had entered the

country in 1996 and by requiring him to corroborate his testimony with other evidence. In determining whether an alien has proved the requisite ten years of continuous physical presence, "the [IJ] shall weigh the credible testimony along with other evidence of record." 8 U.S.C. § 1229a(c)(4)(B). If the IJ deems it necessary, however, the alien must corroborate "otherwise credible testimony" with additional evidence unless the alien demonstrates that it is not reasonably available. Id. An IJ's determination that corroborating evidence is reasonably available is conclusive unless "a reasonable trier of fact [would be] compelled to conclude that [it] is unavailable." § 1252(b)(4).

Sanchez-Velasco argues that because the IJ made no adverse credibility determination, his testimony that he had entered the country in 1996 is due a "rebuttable presumption of credibility on appeal" under § 1229a(c)(4)(C). It was within the IJ's discretion, however, to require Sanchez-Velasco to corroborate any "otherwise credible testimony" with reasonably available evidence. § 1229a(c)(4)(B). The IJ did that and concluded that corroborative testimony from Sanchez-Velasco's parents was reasonably available but unused despite their fear of being subjected to removal proceedings. Because the evidence does not compel a contrary conclusion, there is no basis upon which to reverse the IJ's finding. See § 1252(b)(4). Sanchez-Velasco testified that his parents were living in Illinois at the time of the hearing and could corroborate his testimony. They could therefore have testified or submitted affidavits on his behalf.[2]

Sanchez-Velasco invokes the Ninth Circuit's decision in Lopez-Alvarado v. Ashcroft, 381 F.3d 847 (9th Cir. 2004), for the proposition that "the lack of documentary evidence is not an adequate basis for rejecting a petitioner's [claim of continuous presence]." Id. at 855 (quoting Vera-Villegas v. INS, 330 F.3d 1222, 1225

---

[2]We note that Sanchez-Velasco does not argue that fear of removal proceedings renders a witness not reasonably available.

(9th Cir. 2003)) (alteration in original). But in that case the Ninth Circuit also stated expressly that documentary evidence is unnecessary as a matter of law only "if the oral and written testimony is otherwise sufficient." Id. Sanchez-Velasco's argument is thus unavailing, for the IJ determined that his testimony was insufficient standing alone. More importantly, however, Lopez-Alvarado preceded enactment of the REAL ID Act of 2005, see Pub. L. No. 109-13, 119 Stat. 231, 306, § 101(h)(2) (codified as amended in scattered sections of 8 U.S.C.), which definitively provided the IJ with discretion to demand reasonably available corroborative evidence. § 1229a(c)(4)(B).

Sanchez-Velasco's arguments amount to a challenge to the IJ's finding that he had not been in the country on or before October 26, 1997. The only evidence supporting the contention that he had entered the country in 1996 was his own testimony, about which the IJ drew a negative inference, and he failed to provide reasonably available corroborative evidence. On that basis, no reasonable adjudicator would be compelled to conclude that the IJ's finding was incorrect. It is therefore conclusive. See § 1252(b)(4)(B).

B.

Sanchez-Velasco also contends that the IJ deprived him of his liberty without due process by excluding his witnesses and by failing to fully consider the evidence presented. The IJ pretermitted Sanchez-Velasco's application only after confirming that his witnesses had known him for less than ten years and that they therefore could not corroborate his testimony that he had entered the U.S. in 1996. Sanchez-Velasco argues that his witnesses should nevertheless have been allowed to testify because they would have attested to his credibility and that he had told them of his 1996 entry. See Kim, 560 F.3d at 836 (hearsay evidence admissible in removal proceedings if probative and fundamentally fair).

The Fifth Amendment prohibits the government from depriving an alien of his liberty without due process of law.  Mathews v. Diaz, 426 U.S. 67, 77 (1976).  Yet that right affords no protection against the deprivation of liberty interests that are not constitutionally cognizable.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972); Movers Warehouse, Inc. v. City of Little Canada, 71 F.3d 716, 718 (8th Cir. 1995). Accordingly, aliens have no right to due process in the purely discretionary remedy of cancellation of removal because no constitutionally cognizable liberty interest arises from it.  Guled, 515 F.3d at 880.  That is because "[c]ancellation of removal is . . . roughly equivalent to executive clemency, over which the executive branch has unfettered discretion."  Id.

Since Sanchez-Velasco lacks a protected interest in the ultimately discretionary relief of cancellation of removal, see id., his claim that the IJ's actions violated his due process rights is unavailing, see Movers Warehouse, 71 F.3d at 718.  He urges reconsideration of that rule, arguing that aliens will be unable to ensure the fundamental fairness of removal hearings without the guarantee of due process. However, we are without power to revisit that rule here, as the court in Guled squarely and comprehensively resolved the issue.  See United States v. Lovelace, 565 F.3d 1080, 1085 (8th Cir. 2009).

## III.

Accordingly, we deny the petition for review.  Moreover, because Sanchez-Velasco's petition automatically terminated the BIA's grant of voluntary departure, see 8 C.F.R. § 1240.26(i), his alternative motion to uphold that grant is denied.

_____