# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1693

_____

| | | |
|---|---|---|
| Ahmed Ashfaque, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| | * | Petition for Review of a |
| v. | * | Decision of the United States |
| | * | Board of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney | * | |
| General of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted:  December 15, 2010
Filed: April 12, 2011

_____

Before LOKEN, ARNOLD, and BYE, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Ahmed Ashfaque, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceeding and rescind its order of removal.  Mr. Ashfaque contends that he did not receive appropriate notice of the removal hearing, which the immigration court held *in absentia*.  We deny the petition.

I.

Mr. Ashfaque entered the United States on a non-immigrant visitor visa that authorized him to stay for six months. Four years later, he married another Bangladeshi national, and they applied to have their status adjusted. During an interview, the Immigration and Naturalization Service (now subsumed within the Department of Homeland Security) determined that Mr. Ashfaque's wife had presented a fraudulent document that they both relied on to support their applications. The INS then arrested and detained the couple and served Mr. Ashfaque with a so-called "notice to appear" (NTA); the NTA charged him with being subject to removal because he had remained in the country without authorization and ordered him to appear before an immigration judge at a date and time "To be Set," "to show cause why [he] should not be removed." *See* 8 U.S.C. § 1229(a)(1). Mr. Ashfaque and his wife retained counsel, R. Leo Pritschet, who filed a motion to set bond. At the bond hearing, Mr. Ashfaque appeared and testified, and the court set bond; the couple was released a few days later when bond was posted. Mr. Pritschet appeared for the removal hearing but his clients did not. The IJ, after questioning Mr. Prtischet about his clients' absence, proceeded with the hearing *in absentia* and afterward ordered that Mr. Ashfaque and his wife be removed to Bangladesh.

About ten years later, United States Customs and Immigration Enforcement officers arrested Mr. Ashfaque based on the removal order. Mr. Ashfaque, now represented by new counsel, moved to reopen the removal proceeding, contending that he had not received proper notice. The IJ – who had presided at the earlier hearings – denied the motion. In addition to finding that the written record showed that the immigration court had issued a notice for the removal hearing on the day of the bond hearing and served it on Mr. Pritschet, the court reviewed an audiotape of the removal hearing. Based on the tape, the IJ found that "[Mr. Pritschet] acknowledge[d] to the Court that [Mr. Ashfaque] and his then-wife were served with notice of the hearing on the date of the bond hearing." The immigration court held that service was "made

in compliance with all legal requirements" and denied Mr. Ashfaque's motion to reopen.

Mr. Ashfaque appealed to the BIA, which ordered transcripts of the bond and removal hearings, sent copies to the parties, and gave the parties time to supplement their briefs after reviewing the transcripts. Mr. Ashfaque did not object to the transcripts or amend his brief, and the BIA dismissed his appeal, relying, in part, on the transcript of the removal hearing.

## II.

An alien who fails to appear at his removal proceeding is subject to removal *in absentia* if the government establishes that he received proper written notice and is removable. *See* 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* removal order "may be rescinded," however, "upon a motion to reopen filed at any time if the alien demonstrates that [he] did not receive notice in accordance with ... section 1229(a)." 8 U.S.C.A. § 1229a(b)(5)(C)(ii).

Under the Illegal Immigration Reform and Immigrant Responsibility Act, we have no jurisdiction to review a decision of the attorney general (or the BIA, acting on his behalf) "the authority for which is specified under this subchapter to be in the [attorney general's] discretion." 8 U.S.C. § 1252(a)(2)(B)(ii). But Congress has excepted from the scope of that subsection judicial review of "constitutional claims or questions of law." 8 U.S.C.A. § 1252(a)(2)(B), (a)(2)(D). Although the word "may" in the relevant clause, i.e., an *in absentia* order "may be rescinded," appears to vest the attorney general with discretion to make the ultimate determination of whether to rescind the order, we have jurisdiction to review the predicate question of whether he properly interpreted the law in reaching his conclusion. 8 U.S.C. § 1229a(b)(5)(C); *cf. Sanchez-Velasco v. Holder*, 593 F.3d 733, 735 (8th Cir.2010).

Mr. Ashfaque maintains that the BIA erred because § 1229(a) required him to be personally served with notice and he was not. Section 1229(a) provides that "written notice shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)." Mr. Ashfaque contends that service on an alien's "counsel of record" (albeit "by mail") will satisfy § 1229(a) only if personal service on the alien himself is "not practicable." He further asserts that personal service was "practicable" in his case because he attended the bond hearing and remained in INS custody until he was released on bond several days later. Although we have jurisdiction to address this legal question, we need not do so here because the BIA concluded on a sufficient record that Mr. Ashfaque was in fact personally served with notice of the removal hearing.

After noting that the written notice indicates that it was served on counsel, the BIA found that the transcript of the removal hearing shows that Mr. Pritschet was present and "acknowledged that [Mr. Ashfaque] was served with the Notice of Hearing at his bond hearing," relying on the following colloquy between the IJ and Mr. Pritschet:

Q. Mr. Pritschet, the respondents [Mr. Ashfaque and his wife] are not present in Court today. Do you have any explanation for their failure to appear?
A. No, I do not, Your Honor.
Q. Okay. You acknowledge they were served with Notice of the Hearing at the last hearing date ... the date [of] the bond hearing.
A. That's correct, Your Honor.
Q. Okay.

"[B]ased on [Mr. Pritschet's] representation" and the notice on file, the BIA found "that both [Mr. Ashfaque] and his counsel received notice of the respondent's hearing." Insofar as Mr. Ashfaque questions whether record supports the BIA's finding, we conclude that it plainly is. *See* 8 U.S.C. § 1252(b)(4)(B). Having upheld a finding that Mr. Ashfaque was served with notice at the bond hearing, we must

reject his argument for reopening the removal proceeding, which requires a finding that he was not served.

III.

We see no merit to Mr. Ashfaque's argument – based on his detention prior to being released on bond – that the BIA should have granted him relief under an alternative provision that permits rescission of an *in absentia* removal order if the alien was "in Federal or State custody and the failure to appear was through no fault of [his own]," 8 U.S.C.A. § 1229a(b)(5)(C)(ii).

We deny the petition for review.

_____