# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2467
_____

Adalberto Hernandez-Garcia

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 17, 2014
Filed: August 25, 2014

_____

Before LOKEN and MURPHY, Circuit Judges, and PERRY,[*] District Judge.

_____

LOKEN, Circuit Judge.

Responding to a Notice To Appear for removal proceedings, Adalberto Hernandez-Garcia, a citizen of Mexico, conceded he is removable and applied for cancellation of removal under 8 U.S.C. 1229b(b). The Attorney General may grant

_____

[*]The Honorable Catherine D. Perry, Chief Judge of the United States District Court for the Eastern District of Missouri, sitting by designation.

discretionary cancellation of removal and adjustment of status to a nonpermanent resident if he (1) has been continuously present in the United States for ten years prior to the date he applied; (2) "has been a person of good moral character"; (3) has not been convicted of enumerated criminal offenses; and (4) shows that his removal "would result in exceptional and extremely unusual hardship" to a spouse, parent, or child who is a United States citizen or lawful permanent resident.

After a hearing, the Immigration Judge denied relief, finding that Hernandez-Garcia had not established continuous ten-year presence in the United States and had not shown that his two minor children, who are United States citizens, would suffer "exceptional and extremely unusual hardship" if he were removed to Mexico. The Board of Immigration Appeals ("BIA") dismissed Hernandez-Garcia's administrative appeal. Addressing only the hardship issue, the BIA found "that [Hernandez-Garcia] does not qualify for cancellation of removal because he did not show that his removal would result in exceptional and extremely unusual hardship to either of his qualifying relatives." Hernandez-Garcia petitions for review, arguing that the BIA committed an error of law when it "failed to follow its own precedent" in deciding the hardship issue, and violated his right to due process by failing to adequately examine all the hardship factors he presented. Concluding that we lack jurisdiction to consider the first contention, and that the second is without merit, we deny the petition for review.

Congress in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009, stripped courts of jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229b," or "any other decision . . . which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(i) & (ii). Applying that statute in Martinez Ortiz v. Ashcroft, we held that an agency decision that deportation to Mexico would not cause extreme hardship "is a discretionary one that we lack jurisdiction to review," joining every other circuit including the Ninth on this issue.

361 F.3d 480, 481 (8th Cir. 2004).[1] However, in <u>Reyes-Vasquez v. Ashcroft</u>, we held that the ten-year continuous presence requirement "is a nondiscretionary determination [that is subject to judicial review] because it involves straightforward statutory interpretation and application of law to fact." 395 F.3d 903, 906 (8th Cir. 2005), quoting <u>Mireles-Valdez v. Ashcroft</u>, 349 F.3d 213, 217 (5th Cir. 2003).[2]

In the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 323, Congress modified the jurisdiction-stripping landscape by adding 8 U.S.C. § 1252(a)(2)(D):

> Nothing in subparagraph (B) or (C) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

For a discussion of what prompted Congress to enact this subparagraph, <u>see</u> <u>Grass v. Gonzales</u>, 418 F.3d 876, 878-79 (8th Cir. 2005), <u>cert. denied</u>, 547 U.S. 1079 (2006).

---

[1]Under prior law, the Ninth Circuit reviewed whether a BIA extreme hardship decision "consider[ed] all factors relevant to the hardship determination and state[d] its reasons for denying the requested relief." <u>Watkins v. INS</u>, 63 F.3d 844, 848 (9th Cir. 1995). Hernandez-Garcia urges us to adopt and apply the legislatively overruled <u>Watkins</u> standard, which is no longer followed in the Ninth Circuit. We reject this frivolous argument.

[2]We consider it significant that, in <u>Mireles-Valdez</u>, the Fifth Circuit noted "the Attorney General's position that the [ten-year presence] determination is not discretionary." The panel also distinguished a prior Fifth Circuit ruling that it lacked jurisdiction to review an extreme hardship ruling on the ground that "the hardship requirement . . . is quite different from the presence requirement." 349 F.3d at 217.

Since enactment of the REAL ID Act, our many cancellation-of-removal decisions have couched the jurisdictional inquiry in terms of the language in § 1252(a)(2)(D), asking whether petitioners were seeking "review of constitutional claims or questions of law," but we have remained true to the distinction reflected in Martinez Ortiz and Reyes-Vasquez. We will review a nondiscretionary determination that an alien is ineligible for cancellation of removal, for example, the BIA's refusal to consider a § 1229b issue because petitioner had not timely raised it in Pinos Gonzalez v. Mukasey, 519 F.3d 436, 439-41 (8th Cir. 2008). But we have consistently ruled that we lack jurisdiction to review a discretionary BIA decision that petitioner's removal would not "result in exceptional and extremely unusual hardship," even when the petitioner seeking review attempted to "create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb." Garcia-Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011) (quotation omitted), cert. denied, 133 S. Ct. 108 (2012); accord Hamilton v. Holder, 680 F.3d 1024, 1027 (8th Cir. 2012); Solis v. Holder, 647 F.3d 831, 833 (8th Cir. 2011), cert. denied, 132 S. Ct. 1032 (2012); Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006); see also Zeah v. Holder, 744 F.3d 577, 582 (8th Cir. 2014) (no jurisdiction to review discretionary denial based on petitioner's sham marriage); Ignatova v. Gonzales, 430 F.3d 1209, 1213 (8th Cir. 2005) (no jurisdiction to review denial of a hardship waiver application under 8 U.S.C. § 1186a(c)(4)). Hernandez-Garcia's due process argument is contrary to our decision in Sanchez-Velasco v. Holder, 593 F.3d 733, 737 (8th Cir. 2010) (no right to due process in the cancellation of removal remedy). These decisions control the issues Hernandez-Garcia presents for review.

Accordingly, we deny the petition for review.

_____

-4-