# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-3715

———————————————

Domingo Perez-Juarez

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: September 26, 2014
Filed: October 7, 2014
[Unpublished]

————————

Before WOLLMAN, BYE, and SMITH, Circuit Judges.

————————

PER CURIAM.

Guatemalan citizen Domingo Perez-Juarez (Perez) petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an immigration judge's (IJ's) denial of cancellation of removal. This court has jurisdiction to review the nondiscretionary determinations underlying the denial, including whether the law was properly applied to the facts. See Zeah v. Holder, 744 F.3d 577, 580-81 (8th Cir.

2014) (reviewing BIA's fact-finding for substantial evidence and its legal determinations de novo; when BIA adopts IJ's reasoning, IJ's decision is also reviewed). Under the REAL ID Act of 2005, the IJ was definitively provided with the discretion to demand reasonably available corroborative evidence of Perez's continued physical presence in the United States for the requisite ten years. See Sanchez-Velasco v. Holder, 593 F.3d 733, 736 (8th Cir. 2010) (IJ shall weigh credible testimony with other evidence of record, and if IJ deems it necessary, alien must corroborate otherwise credible testimony with added evidence unless alien demonstrates that it is not reasonably available); see also 8 U.S.C. § 1229b(b)(1) (requirements for cancellation of removal). Even if some types of corroborative evidence were unavailable to Perez, given his young age upon entry into the United States, we find that no reasonable trier of fact would be compelled to conclude that all types of corroborative evidence were unavailable, and thus the IJ's determination that corroborative evidence was reasonably available is conclusive. See Sanchez-Velasco, 593 F.3d at 736-37 (rejecting alien's contention that IJ held him to impermissibly high burden of proof by giving insufficient weight to his testimony as to when he entered United States and requiring him to corroborate his testimony with other evidence). Given our holding on this issue, we need not address Perez's argument that the IJ erred in finding that there was an alternative basis to deny his application. The petition for review is denied.

_____