# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3873

_____

Delio Lemuz-Hernandez

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 22, 2015
Filed: November 2, 2015
[Published]

_____

Before WOLLMAN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Delio Lemuz-Hernandez, a citizen and national of Honduras, was charged with being removable from the United States for being present in the country without having been lawfully admitted. See 8 U.S.C. § 1182(a)(6)(A)(i). At a master calendar hearing on April 21, 2009, Lemuz-Hernandez conceded that he was

removable from the United States, and designated Honduras as his country of removal.

Lemuz-Hernandez subsequently filed an application for cancellation of removal for non-permanent residents pursuant to 8 U.S.C. § 1229b(b). Cancellation of removal is a discretionary remedy available to persons whose U.S. citizen or lawful permanent resident spouse, parent, or child would suffer hardship as a result of the person's removal to their country of origin. To establish eligibility for cancellation of removal, a non-permanent resident must establish ten years of physical presence in the United States, good moral character, no convictions for certain enumerated offenses, and exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1229b(b). After a hearing, at which Lemuz-Hernandez presented a substantial amount of testimonial and documentary evidence, the immigration judge (IJ) found that Lemuz-Hernandez had established the first three statutory criteria but had failed to establish that his three U.S. citizen daughters would suffer sufficient hardship as a result of his removal to Honduras. As a result, the IJ denied Lemuz-Hernandez's application.

Lemuz-Hernandez timely appealed to the Board of Immigration Appeals (BIA), which affirmed the denial of his application for cancellation of removal. On appeal, Lemuz-Hernandez asserts that the IJ and BIA failed to consider evidence of the exceptional and extremely unusual hardship his children would suffer if he were removed from the United States.

We do not have jurisdiction to review the discretionary denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). We do, however, have jurisdiction to review "the non-discretionary determinations underlying such a decision," Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008), as well as to review constitutional claims or other questions of law posed by denial of an application for cancellation of removal. 8 U.S.C. § 1252(a)(2)(D). We review "the BIA order, which is the final

agency decision, 'including the IJ's findings and reasoning to the extent they were expressly adopted by the BIA.'" Hamilton v. Holder, 680 F.3d 1024, 1027 (8th Cir. 2012).

Lemuz-Hernandez argues that the agency—both the IJ and the BIA—failed to consider all the evidence of exceptional and extremely unusual hardship to his children, and that this failure constituted a denial of due process and an incorrect application of the hardship standard. Though nominally a question of law or constitutionality, Lemuz-Hernandez's claim actually amounts to a challenge to how the agency weighed the evidence in his case. It is undisputed that the IJ received all exhibits and testimony presented by Lemuz-Hernandez into evidence. Moreover, the IJ's written decision specifically states that she considered the evidence of hardship that Lemuz-Hernandez asserts was ignored. Though the agency's consideration of the particular hardship factors that Lemuz-Hernandez believed decisive may have been perfunctory, that is insufficient to establish legal or constitutional error. Lemuz-Hernandez essentially seeks a finding that gives greater weight to the evidence of extreme violence and crime in Honduras and the psychological effect that environment would have on his children. This challenge to the agency's weighing of the evidence in support of Lemuz-Hernadez's claim for cancellation of removal is outside our jurisdiction to review. Hamilton, 680 F.3d at 1027.

Accordingly, we dismiss the petition for review for lack of jurisdiction.

_____

-3-