# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3429

_____

Callen Marube,

*Petitioner,*

v.

Loretta E. Lynch, United States Attorney General,[1]

*Respondent.*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 21, 2015
Filed: December 14, 2015
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

---

[1]Loretta E. Lynch is automatically substituted for Eric H. Holder, Jr., pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Callen Marube, a native and citizen of Kenya, petitions for review of a decision of the Board of Immigration Appeals denying her request for special rule cancellation of removal. We deny the petition.

Marube entered the United States on an F-1 student visa in 2005 to attend Wichita State University, but she never enrolled in classes. She married Terrell Miller, a United States citizen, in 2006 and filed Forms I-130 and I-485 as an alien relative to adjust her status to lawful permanent resident. The Department of Homeland Security denied the Form I-130 application on the ground that Marube's marriage to Miller was fraudulent, and Marube withdrew her Form I-485 application. The Department then charged Marube as removable for failure to comply with nonimmigrant status, for failure to fulfill a marital agreement that was made for the purpose of procuring admission to the United States, and as an alien inadmissible at the time of entry for seeking to procure admission into the United States by fraud.

At a hearing before an immigration judge, Marube admitted that she was removable under 8 U.S.C. § 1227(a)(1)(C)(i) for failure to comply with nonimmigrant status. Marube filed an application for cancellation of removal under a special rule of 8 U.S.C. § 1229b(b)(2), based on allegations that she was battered or subjected to extreme cruelty by Miller and that removal would result in extreme hardship to her or her daughter, a United States citizen. In the alternative, she sought voluntary departure under 8 U.S.C. § 1229c(b) in lieu of removal. The immigration judge held a second hearing and received testimony from Marube, her second husband, and other witnesses. The immigration judge also heard testimony from the immigration officer who investigated Marube's first marriage to Miller and determined the marriage to be fraudulent.

The immigration judge denied Marube's request for cancellation of removal. The immigration judge found that Marube was removable on two grounds: for failure to comply with nonimmigrant status, and under 8 U.S.C. § 1227(a)(1)(G)(ii) for

committing marriage fraud in her marriage to Miller. The immigration judge found Marube's testimony to be "mostly consistent" but noted "several omissions and inconsistencies" and declined to give full weight to her testimony regarding her marriage to Miller. Due to the finding of marriage fraud, the immigration judge concluded that Marube was statutorily ineligible for cancellation of removal under the special rule for battered spouses and denied her application. 8 U.S.C. § 1229b(b)(2)(A)(iv). In lieu of removal, the immigration judge granted Marube's request for voluntary departure. Marube appealed the decision to the Board of Immigration Appeals, arguing that the immigration judge's credibility assessment and findings of fact were clearly erroneous. The Board dismissed the appeal, and Marube filed a timely petition for review.

We review the Board's order as the final decision of the agency, but we lack jurisdiction to review a discretionary decision to deny cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i); *Sanchez-Velasco v. Holder*, 593 F.3d 733, 735 (8th Cir. 2010). We also lack jurisdiction to review any other decision "specified . . . to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). We retain jurisdiction to consider "constitutional claims or questions of law" raised in a petition for review from the Board. 8 U.S.C. § 1252(a)(2)(D); *Sanchez-Velasco*, 593 F.3d at 735.

Marube raises two arguments in her petition for review. First, she argues that the immigration judge's decision to grant voluntary departure is inconsistent with his determination that she had committed marriage fraud because voluntary departure requires a finding of good moral character. 8 U.S.C. § 1229c(b)(1)(B). Marube appears to assert that the immigration judge's finding of marriage fraud necessarily implied a finding that Marube gave false testimony at her immigration hearing and thus logically conflicted with a determination that she was a person of good moral character for the purposes of voluntary departure. *See* 8 U.S.C. § 1101(f)(6).

We will not consider this contention, because Marube failed to raise it before the Board.  *See Frango v. Gonzales*, 437 F.3d 726, 728 (8th Cir. 2006).  Marube did not argue that the immigration judge's determinations on marriage fraud and voluntary departure were inconsistent; rather, she took issue with the immigration judge's credibility determination and findings regarding marriage fraud in her agency appeal. The Board thus had no occasion to address the point.  Marube has offered no good reason why she should be exempted from the ordinary exhaustion requirement, and we adhere to the general rule.

Second, Marube argues the immigration judge's credibility findings were not supported by substantial evidence.  She asserts that the immigration judge focused on minor inconsistencies in her testimony and ignored consistent statements in the record. This challenge to the immigration judge's credibility determination lies squarely within the agency's discretion, and we lack jurisdiction to review it.  8 U.S.C. § 1229b(b)(2)(D) ("The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General."); *see also* 8 U.S.C. § 1252(a)(2)(B)(ii); *Hamilton v. Holder*, 680 F.3d 1024, 1026-27 (8th Cir. 2012).

The petition for review is denied.

_____

-4-