# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3236

_____

Robinzon Adiel Tobar Rivas

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: November 16, 2015
Filed: February 1, 2016
[Unpublished]

_____

Before SMITH, BYE, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robinzon Adiel Tobar Rivas petitions for review of the Board of Immigration Appeals (BIA) decision to deny his application for cancellation of removal. Having jurisdiction under 8 U.S.C. § 1252(a)(1), this court denies the petition.

Tobar Rivas entered the United States, without inspection, near Brownsville Texas. He filed a permanent asylum application in 2000, based on his fear of anti-government guerrillas in Guatemala. In the application, Tobar Rivas claimed he entered the United States in October 1996. He told an asylum officer "October 1996" at a 2005 interview. In September 2005, DHS served him with a notice to appear, alleging he was removable as an alien present in the United States without being admitted or paroled. *See* INA § 212(a)(6)(A)(i); 8 U.S.C. § 1182(a)(6)(A)(i). During a January 2006 pro se motion to change venue, he again claimed entering the United States in October 1996. At a hearing in May 2006, Tobar Rivas testified he entered the United States in October 1996. He obtained new counsel in September 2011. The next month, he applied for cancellation of removal. He then claimed, for the first time, entry into the United States in February 1994. He said he was previously prompted to lie about his entry date by individuals who assisted him with his asylum application (though the "Preparer" section of the application is blank).

Title 8, section 1229b(b)(1), allows for cancellation of removal if the alien who is inadmissible or deportable:

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

*Id.* In May 2013 the immigration judge (IJ) denied Tobar Rivas's application for cancellation of removal. The IJ found he did not meet the continuous-physical-presence or good-moral-character requirements because he did not provide objective, credible evidence to corroborate his 1994 entry date, and, at some point, falsely testified about his entry date. The BIA affirmed without opinion. Tobar Rivas argues that the IJ did not properly consider the evidence in the record about his entry date, and erred in finding he did not meet the good moral character requirement.

"The decision to grant cancellation of removal is a discretionary act by the Attorney General which this Court may not review." *Zeah v. Holder*, 744 F.3d 577, 581 (8th Cir. 2014). This court, however, retains jurisdiction to review "constitutional claims or questions of law" as well as "nondiscretionary determinations underlying a denial of an application for cancellation of removal." *Sanchez-Velasco v. Holder*, 593 F.3d 733, 735 (8th Cir. 2010); 8 U.S.C. §1252(a)(2)(D). "[T]he ten-year continuous presence requirement is a nondiscretionary determination that is subject to judicial review because it involves straightforward statutory interpretation and application of law to fact." *Hernandez-Garcia v. Holder*, 765 F.3d 815, 816 (8th Cir. 2015) (internal quotation marks and brackets omitted). This court reviews the BIA's fact-findings for substantial evidence, and any legal conclusions and constitutional challenges de novo. *Zeah*, 744 F.3d at 580. "In order to reverse under the substantial evidence standard, there must be evidence "so compelling that no reasonable fact-finder would fail to find for [Tobar Rivas]." *Id.* "When the BIA affirms without opinion, the IJ's decision is the final agency action for purposes of judicial review." *Abdelwase v. Gonzales*, 496 F.3d 904, 906 (8th Cir. 2007).

Substantial evidence supported the IJ's finding that Tobar Rivas did not meet the requirement for ten years of continuous physical presence before September 2005. At least four times between 2000 and 2006, Tobar Rivas said he entered the United States in October 1996. The IJ issued an order, requiring Tobar Rivas to file

"[o]bjective, credible documentation" corroborating his 1994 entry date. *See Sanchez-Velasco*, 593 F.3d at 736 ("If the IJ deems it necessary . . . the alien must corroborate 'otherwise credible testimony' with additional evidence unless the alien demonstrates that it is not reasonably available."). The evidence Tobar Rivas presented were affidavits by his sister and two uncles, and a handwritten rental receipt dated July 18, 1995. The affidavits are inconsistent with each other and with Tobar Rivas's testimony. The uncles' affidavits state Tobar Rivas entered the United States in February 1994, and worked at Echo Hotel and Cattle Barron from 1994 to 1996. His sister's affidavit says he entered in February 1994, working at Echo Hotel and Cattle Barron from 1994 to *1998*. Tobar Rivas testified he entered in February 1994, started working at Echo Hotel in September 1994, and began working at Cattle Barron 6 months later, in February *1995*, until 1998. Tobar Rivas claims these are "minor inconsistences." *See Garrovillas v. I.N.S.*, 156 F.3d 1010, 1014 (9th Cir. 1998) ("'[M]inor inconsistencies' cannot serve as the *sole* basis for an adverse credibility finding." (emphasis added)). However, Tobar Rivas presented no documentation from either Echo Hotel or Cattle Barron. He claimed he tried to get payroll records, but Echo Hotel's managers "were not willing to give us any letter or anything," and Cattle Barron's old owner had passed away, making it "a little bit hard" to get the records. Moreover, he did not demonstrate why documentation from the Internal Revenue Service was not reasonably available (his attorney claimed that such evidence existed and had been ordered). *See Sanchez-Velasco*, 593 F.3d at 736 ("An IJ's determination that corroborating evidence is reasonably available is conclusive unless 'a reasonable trier of fact [would be] compelled to conclude that [it] is unavailable.'" (quoting § 1252(b)(4))).

The IJ gave no weight to the affidavits and found Tobar Rivas not credible. No reasonable fact-finder would be compelled to find that Tobar Rivas entered the United States in February 1994. *Cf. id.* at 736-37 ("The only evidence supporting the contention that he had entered the country in 1996 was his own testimony . . . and he failed to provide reasonably available corroborative evidence. On that basis, no

-4-

reasonable adjudicator would be compelled to conclude that the IJ's finding was incorrect.  It is therefore conclusive.").

Since substantial evidence supports the IJ's finding that Tobar Rivas failed to meet the ten-year continuous-physical-presence requirement, this court need not address the good-moral-character issue.

The petition for review is denied.

_____