# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2767

_____

Orlando Perez–Hernandez

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 4, 2017
Filed: July 26, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Orlando Perez–Hernandez entered the United States without proper documentation in 1997. After an arrest for drug possession in 2011, he was placed in removal proceedings by Immigration and Customs Enforcement. Perez–Hernandez conceded removability but applied for cancellation of removal pursuant to 8 U.S.C. § 1229b. Section 1229b gives the Attorney General the discretion to cancel removal

proceedings for deportable aliens who (1) have been in the United States for "not less than 10 years," (2) are "of good moral character," (3) have not been convicted of specified crimes, and (4) can show that such removal "would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." *Id.* § 1229b(b)(1).

Perez–Hernandez has five children, four of whom are citizens of the United States. All five reside with Perez–Hernandez and their mother in Minneapolis. An Immigration Judge (IJ) held a hearing on Perez–Hernandez's application. The IJ determined that Perez–Hernandez failed to establish that his deportation would create an exceptional and extremely unusual hardship for his children and denied his application. Following Perez–Hernandez's appeal, the Board of Immigration Appeals (BIA) affirmed: "We agree with the Immigration Judge that, even when the evidence is considered in the aggregate, including parental separation, the respondent has not established the required level of hardship to his qualifying relatives substantially beyond that which would normally accompany removal from the United States." Perez–Hernandez now petitions for review of the BIA's decision.

Except for "review of constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b," *id.* § 1252(a)(2)(B)(i). Perez–Hernandez brings two claims in his petition. First, he claims that the BIA failed to correctly apply its own precedent for weighing the hardship factors in cancellation determinations. Second, he claims that the BIA violated his Fifth Amendment right to due process by failing to meaningfully consider his application and by limiting the number of witnesses that he could present at his cancellation hearing. Neither of these claims falls within the narrow exception provided in § 1252 to allow our review.

"Cancellation of removal is a discretionary remedy, roughly equivalent to executive clemency, over which the executive branch has unfettered discretion." *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008). Whether the BIA correctly applied its own precedent in determining when an exceptional and extremely unusual hardship exists is not a question of law giving this court jurisdiction. "[A] discretionary BIA decision that petitioner's removal would not 'result in exceptional and extremely unusual hardship'" is not reviewable by this court "even when the petitioner seeking review attempt[s] to 'create jurisdiction by cloaking an abuse of discretion argument in constitutional or legal garb.'" *Hernandez–Garcia v. Holder*, 765 F.3d 815, 816 (8th Cir. 2014) (quoting *Garcia–Torres v. Holder*, 660 F.3d 333, 338 (8th Cir. 2011)). Alleging a misapplied legal standard in a discretionary determination does not give this court jurisdiction. *Guled*, 515 F.3d at 880.

Neither of Perez–Herndez's due process allegations present constitutional claims enabling our review. "The Fifth Amendment prohibits the government from depriving an alien of his liberty without due process of law. . . . [Yet] aliens have no right to due process in the purely discretionary remedy of cancellation of removal because no constitutionally cognizable liberty interest arises from it." *Sanchez–Velasco v. Holder*, 593 F.3d 733, 737 (8th Cir. 2010); *see also Guled*, 515 F.3d at 880 ("Because adjustment of status amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights."). We have rejected arguments that due process violations in cancellation-of-removal proceedings arise from either the exclusion of witnesses, *see Sanchez–Velasco*, 593 F.3d at 737, or the BIA's alleged failure to "adequately examine" the hardship factors, *see Hernandez–Garcia*, 765 F.3d at 815. "These decisions control the issues [petitioner] presents for review." *Id.* at 817.

Because Perez–Hernandez has failed to present a cognizable constitutional claim or question of law, we dismiss this appeal for lack of jurisdiction.

_____