# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3611

_____

| | |
|---|---|
| Edgar Noriega Herrera, | * |
| | * |
| Petitioner, | * |
| | *   Petition for Review of |
| v. | *   an Order of the |
| | *   Board of Immigration Appeals. |
| Michael Mukasey,  Attorney | * |
| General of the United States, | *   [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted:  June 12, 2008
Filed:  June 27, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Edgar Noriega Herrera, a citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal by an Immigration Judge (IJ).  Herrera based his request on the hardship which removal would cause his young son, a United States citizen who has asthma.  The IJ determined that Herrera had not met the statutory standard of demonstrating that the removal would result in "exceptional and extremely unusual hardship," noting that there was evidence that his son's asthma

might improve with time and that Herrera had not shown that his son's asthma medication would be unavailable or cost prohibitive in Guatemala. See 8 U.S.C. § 1229b(b)(1) (eligibility requirements for cancellation of removal). Herrera argues that the IJ violated his due process and equal protection rights by applying an incorrect standard for hardship and by misinterpreting or ignoring medical evidence in the record.

Although this court does not have jurisdiction to review the discretionary denial of cancellation of removal, see 8 U.S.C. § 1252(a)(2)(B)(i), we do have jurisdiction over constitutional claims or questions of law raised in a petition for judicial review, see id. § 1252(a)(2)(D).[1]  See also Pinos-Gonzalez v. Mukasey, 519 F.3d 436, 439 (8th Cir. 2008); Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (§ 1252(a)(2)(B)(i) precludes judicial review of discretionary denials of cancellation of removal); Munoz-Yepez v. Gonzalez, 465 F.3d 347, 351 (8th Cir. 2006) (jurisdiction stripping provisions of § 1252(a)(2) do not apply to constitutional claims).

Contrary to Herrera's assertions, the record shows that the IJ applied the correct statutory standard of "exceptional and extremely unusual hardship" in concluding that he did not qualify for a cancellation of removal. Moreover, Herrera had a full and fair opportunity to present his case, and his due process claim therefore fails. See Zacarias-Velasquez, 509 F.3d at 434 (due process clause entitles immigrant to a fair hearing, which encompasses a right to a neutral arbiter and an opportunity to present

---

[1] Section 1252(a)(2)(B)(i) provides in relevant part, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any judgment regarding the granting of relief under section . . . 1229b . . . ." Section 1252(a)(2)(D) states, "[n]othing in [§ 1252(a)(2)(B)] . . . or in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ."

evidence, offer arguments, and develop a record). We reject Herrera's equal protection claim because he has not identified a class of similarly situated persons who are treated dissimilarly. See Geach v. Chertoff, 444 F.3d 940, 945 (8th Cir. 2006).

Distilled to their essence Herrera's objections, to the evaluation of the evidence in his case and the BIA's dismissal of his appeal, challenge the substance of the IJ's unreviewable denial of cancellation of removal. See Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008). Since a petitioner may not "'create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb,'" Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam), quoting Onyinkwa v. Ashcroft, 376 F.3d 797, 799 n.1 (8th Cir. 2004), these claims are beyond the scope of our jurisdiction.

Accordingly, we deny the petition.
_____