# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2832

_____

Moises Hipolito Gomez-Perez,     *
                                        *
          Petitioner,     *
                                          *    Petition for Review of a Final
    v.                                 *    Decision of the Board
                                          *    of Immigration Appeals.
Eric H. Holder, Jr., Attorney General    *
of the United States of America,[1]     *
                                         *
         Respondent.     *

_____

Submitted: February 9, 2009
Filed: June 22, 2009

_____

Before RILEY, SMITH, and SHEPHERD, Circuit Judges.

_____

SMITH, Circuit Judge.

Moises Hipolito Gomez-Perez petitions for review of a decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ's) denial of his application for cancellation of removal. Gomez-Perez argues that the IJ and the BIA applied incorrect legal standards in determining that he had not established that

_____

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for Michael B. Mukasey as Respondent.

removal would result in exceptional and extremely unusual hardship to his children. We deny Gomez-Perez's petition.

## I. *Background*

Gomez-Perez is a native and citizen of Guatemala who entered the United States without inspection in 1990. On September 22, 2005, the Immigration and Naturalization Service issued a Notice to Appear, charging Gomez-Perez with removability as an alien present in the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). At his removal hearing on April 21, 2006, Gomez-Perez admitted the allegations contained in the Notice to Appear and conceded removability.

On August 15, 2006, Gomez-Perez filed an application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), alleging that his removal would result in exceptional and extremely unusual hardship to his children, who are United States citizens. At the August 28, 2007 hearing on his application, Gomez-Perez testified that his three children would remain in the United States with their mother if he were removed to Guatemala. Gomez-Perez stated that he could not afford to send his oldest son to school in Guatemala and that his children would "turn bad" if he were removed.

The IJ denied Gomez-Perez's application for cancellation of removal, concluding that Gomez-Perez had not established that his removal would cause "exceptional or extremely unusual hardship to his three United States citizen children." The IJ noted that because Gomez-Perez testified that his children would remain in the United States with their mother if he were removed to Guatemala, "the primary hardship to them would be economic in nature." The IJ concluded that "[t]here is insufficient evidence of record to indicate that the emotional or psychological impact of [Gomez-Perez's] departure upon them would create exceptional and extremely unusual hardship." The BIA dismissed Gomez-Perez's appeal, stating that the IJ properly concluded that Gomez-Perez "failed to establish

that his removal would result in exceptional and extremely unusual hardship to his qualifying relatives."

## II. *Discussion*

As a threshold issue, the government argues that we should dismiss Gomez-Perez's petition for lack of jurisdiction. Gomez-Perez sought cancellation of removal pursuant to 8 U.S.C. § 1229b(b)(1), which reads as follows:

> The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—
>
> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

As explained above, the IJ and the BIA concluded that Gomez-Perez did not satisfy the hardship requirement of § 1229b(b)(1)(D).

The government argues that 8 U.S.C. § 1252(a)(2)(B) deprives us of jurisdiction over Gomez-Perez's petition. Section 1252(a)(2)(B) states that "except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment

- 3 -

regarding the granting of relief under section . . . 1229b." Subparagraph (D), in turn, provides that "[n]othing in subparagraph (B) . . . shall be construed as precluding review of constitutional claims or *questions of law raised upon a petition for review* filed with an appropriate court of appeals in accordance with this section." *Id.* § 1252(a)(2)(D) (emphasis added). Therefore, although we lack "jurisdiction to review the discretionary denial of cancellation of removal under § 1229b, . . . we have jurisdiction to review constitutional claims or questions of law raised in a petition for judicial review." *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 439 (8th Cir. 2008); *see also Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008) ("We may also review constitutional claims or questions of law."). We also possess jurisdiction to "review the nondiscretionary determinations underlying a denial of an application for cancellation of removal, 'such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility.'" *Pinos-Gonzalez*, 519 F.3d at 439 (quoting *Guled*, 515 F.3d at 880).

Gomez-Perez first argues that the IJ and the BIA applied an incorrect legal standard by focusing on the present circumstances of his children rather than on the future hardships that they would face if he were removed. This argument raises a question of law that is within our jurisdiction to review. In *Herrera v. Mukasey*, the petitioner argued that the IJ had applied an incorrect standard for hardship under § 1229b(b)(1)(D). 282 Fed. Appx. 502, 502 (8th Cir. 2008) (unpublished per curiam). We recognized that we lacked jurisdiction to consider the petitioner's "objections . . . to the evaluation of the evidence in his case," but we addressed and rejected the petitioner's legal standard argument, concluding that "the record shows that the IJ applied the correct statutory standard of 'exceptional and extremely unusual hardship.'" *Id.* at 503. Other courts have likewise concluded that an IJ's interpretation of § 1229b(b)(1)(D) is subject to judicial review. *See Figueroa v. Mukasey*, 543 F.3d 487, 492, 495–96 (9th Cir. 2008) (concluding that it possessed jurisdiction to review the petitioner's contention that the IJ had applied an incorrect legal standard "by considering only the hardship currently suffered by the children . . . without

- 4 -

considering the hardship the children would suffer in the event that their parents were removed"); *Mireles v. Gonzales*, 433 F.3d 965, 969 (7th Cir. 2006) (concluding that it possessed jurisdiction to consider the petitioner's argument "that the immigration judge made a legal error in understanding the meaning of 'exceptional and extremely unusual hardship'").

Gomez-Perez also argues that the IJ and the BIA applied an incorrect legal standard by failing to adequately consider certain factors that have been considered relevant in other BIA decisions. Gomez-Perez essentially argues that "the IJ improperly weighed the factors in the proper balancing test." *Guled*, 515 F.3d at 880. "Despite his characterization of the appeal as a question of law, what he challenges is the discretionary conclusion of not meriting a favorable exercise of discretion." *Id.* And such a "determination that the evidence failed to show an 'extraordinary and extremely unusual hardship' . . . is precisely the discretionary determination that Congress shielded from our review." *Meraz-Reyes v. Gonzales*, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam).

Therefore, the only issue raised by Gomez-Perez that is within our jurisdiction to review is whether the IJ and the BIA applied an incorrect legal standard by focusing on the present circumstances of Gomez-Perez's children rather than on the future hardships that they would face if he were removed. But the record reveals that the IJ and the BIA properly addressed the hardships that Gomez-Perez's removal would pose for his children. In his decision, the IJ articulated the § 1229b(b)(1)(D) requirement that an applicant for cancellation of removal demonstrate that "removal *would result* in exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D) (emphasis added). Furthermore, the IJ acknowledged the economic hardship that Gomez-Perez's children would experience as a result of his removal and concluded that there was insufficient evidence to demonstrate that the emotional and psychological effect of his departure would create exceptional and extremely unusual hardship. The BIA adopted the IJ's reasoning, stating that the IJ "properly considered

. . . the economic and social disruption which would result from [Gomez-Perez's] removal." The BIA recognized that Gomez-Perez's "removal would adversely affect his family" but concluded that this "level of hardship falls short of the exceptional and extremely unusual standard." Accordingly, Gomez-Perez's argument that the IJ and the BIA applied an incorrect legal standard is without merit.

### III. *Conclusion*

For the foregoing reasons, we deny Gomez-Perez's petition for review.

———————————————