# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2500

_____

| | |
|---|---|
| Ruddy Napoleon Dubon Garcia, | * |
| | * |
| Petitioner, | * |
| | * |
| | *   Petition for Review of an |
| v. | *   Order of the |
| | *   Board of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * |
| of the United States, | *   [UNPUBLISHED] |
| | * |
| Respondent. | * |

_____

Submitted: March 23, 2012
Filed: March 28, 2012

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Ruddy Napoleon Dubon Garcia petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's denial of his 8 U.S.C. § 1229b(b)(1) application for cancellation of removal. In support of his application, Garcia had asserted that his removal would result in exceptional and extremely unusual hardship to his two United-States-citizen children.

This court generally lacks jurisdiction to review a petition challenging a discretionary denial of cancellation of removal, see 8 U.S.C. § 1252(a)(2)(B)(i) (no court shall have jurisdiction to review any judgment regarding denial of relief under,

inter alia, 8 U.S.C. § 1229b (cancellation of removal)), but does have jurisdiction to review constitutional claims or questions of law raised within such a petition, see 8 U.S.C. § 1252(a)(2)(D) (constitutional claims or questions of law are not precluded from review).

To the extent that Garcia is challenging the BIA's discretionary determination that he failed to show his removal would result in exceptional and extremely unusual hardship to his children, the petition is unreviewable. See Garcia-Torres v. Holder, 660 F.3d 333, 338 (8th Cir. 2011) (hardship determination under 8 U.S.C. § 1229b(b)(1) constitutes discretionary decision barred from appellate review); Zacarias-Velasquez v. Mukasey, 509 F.3d 429, 434 (8th Cir. 2007) (under 8 U.S.C. § 1252(a)(2)(B)(i), this court lacks jurisdiction to review denial of cancellation of removal for failure to prove exceptional and extremely unusual hardship to American-citizen child). As to the questions of law raised in Garcia's petition for review, we conclude that they are without merit. See Sanchez-Velasco v. Holder, 593 F.3d 733, 735 (8th Cir. 2010) (BIA's conclusions of law are reviewed de novo); Gomez-Perez v. Holder, 569 F.3d 370, 372-73 (8th Cir. 2009) (alien's argument that BIA applied incorrect legal standard by focusing on present rather than future hardship was without merit where record showed BIA considered economic, emotional, and social hardship alien's children would face upon alien's removal); Garcia-Torres, 660 F.3d at 338 (hardship determination under 8 U.S.C. § 1229b(b)(1) is discretionary).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____