# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2256

_____

Marco Antonio Nunez-Portillo

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: April 16, 2014
Filed: August 15, 2014

_____

Before RILEY, Chief Judge, BENTON and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Marco Nunez-Portillo, a native and citizen of Mexico, petitions for review of the discretionary denial of his application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b). He contends the Board of Immigration Appeals (BIA), in affirming the denial, erred as a matter of law in evaluating his claim and, in doing so, violated his right to due process under the Fifth Amendment. Because we conclude the BIA simply found Nunez-Portillo's evidence insufficient, we deny his petition.

# I. Background

Nunez-Portillo first entered the United States from Mexico in January 1998. On May 14, 2009, the Department of Homeland Security served him with a Notice to Appear (NTA), charging him with removability as an alien present without being admitted or paroled. He conceded removability at a master calendar hearing on October 13, 2010, then applied for cancellation of removal. At a hearing on May 18, 2011, he argued his three children, who were born in the United States, would suffer hardship were he removed because they would accompany him to Mexico. There, he contends, they would be unable to access adequate programs and facilities to meet their health and educational needs and would be at risk of danger from widespread violence.

Under 8 U.S.C. § 1229b(b)(1),

The Attorney General may cancel removal of, and adjust to the status of an alien lawfully admitted for permanent residence, an alien who is inadmissible or deportable from the United States if the alien—

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of [certain offenses]; and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The IJ denied his application. Although Nunez-Portillo had met his burden to show he was a person of good moral character and had no disqualifying criminal convictions, he had failed to demonstrate that he had been continuously physically present in the United States—due to several trips to Mexico—and that his citizen children would suffer "exceptional and extremely unusual hardship" from Nunez-Portillo's removal to Mexico. His youngest daughter, age 2 at the time of the hearing, requires ear tubes to drain fluid, which affects her speech, and has a mild expressive language delay; his eldest daughter, then 9 years old, has had kidney infections that require medication, though the most recent one had been a year prior to the IJ's hearing; and his son, age 4, has no health issues. The IJ found these health issues, while certainly relevant, did not reach the level of hardship required to merit cancellation of removal for Nunez-Portillo. On appeal, the BIA upheld the IJ's decision, finding the IJ correctly concluded he had not shown the requisite hardship to his qualifying relatives. Nunez-Portillo petitions for review of the BIA's order.

## II. Discussion

We have limited jurisdiction to review applications for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) (as a form of discretionary relief, "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b . . . ."). Indeed, we may only review "the non-discretionary determinations underlying such a decision, such as the predicate legal question whether the IJ properly applied the law to the facts in determining an individual's eligibility." Guled v. Mukasey, 515 F.3d 872, 880 (8th Cir. 2008). "We may also review constitutional claims or questions of law." Id. (citing 8 U.S.C. § 1252(a)(2)(D)). Nunez-Portillo asks us to review (1) whether the BIA erred as a matter of law by insufficiently considering evidence of his children's health and educational needs and the risk of violence in Mexico, and (2) whether these errors violated his Fifth Amendment right to due process. We consider each claim in turn.

Nunez-Portillo first argues the BIA erred by inadequately considering, in combination with other factors, his children's health and educational needs. See In re Monreal-Aguinaga, 23 I. & N. Dec. 56, 63 (BIA 2001) ("[A] strong applicant [for cancellation of removal] might have a qualifying child with very serious health issues, or compelling special needs in school," to be considered with other "factors . . . in the aggregate when assessing exceptional and extremely unusual hardship."). By questioning whether the BIA accurately assessed or, ultimately, gave due weight to these factors, Nunez-Portillo "attacks the BIA determination that the evidence failed to show an 'extraordinary and extremely unusual hardship.' This finding, however, is precisely the discretionary determination that Congress shielded from our review." Meraz-Reyes v. Gonzales, 436 F.3d 842, 843 (8th Cir. 2006) (per curiam); see also Gomez-Perez v. Holder, 569 F.3d 370, 373 (8th Cir. 2009) (finding no jurisdiction to review how the IJ and BIA weighed the relevant factors).

Similarly, Nunez-Portillo contends the BIA "did not adequately account for the extent to which the rampant and increasing violence throughout Mexico" increased the hardship his children would experience there in the future. As with the health and educational needs of his children, Nunez-Portillo argues the BIA did not credit this risk of violence upon his removal. However, the IJ acknowledged his concern and found the evidence was insufficient to establish the requisite hardship. Adopting the IJ's reasoning, the BIA properly considered this factor in making its ultimately discretionary determination. See Gomez-Perez, 569 F.3d at 373. "Accordingly, [Nunez-Portillo's] argument that the IJ and the BIA applied an incorrect legal standard is without merit," id., and we lack jurisdiction to review this claim.

The only issue Nunez-Portillo raises over which we could have jurisdiction is his constitutional argument: "the failure of the [BIA] to analyze two significant hardship factors in any meaningful way violated [his] right to due process under the Fifth Amendment." However, "[i]n order to make out a due process violation, a party must demonstrate a protected liberty or property interest." Nativi-Gomez v. Ashcroft,

-4-

344 F.3d 805, 808 (8th Cir. 2003). "What matters is whether the individual has an expectation of receiving some measure of relief." Id. at 809. "Cancellation of removal is a discretionary remedy, roughly equivalent to executive clemency, over which the executive branch has unfettered discretion." Guled, 515 F.3d at 880 (citing INS v. Yang, 519 U.S. 26, 30 (1996)). "Because adjustment of status [including cancellation of removal] amounts to a power to dispense mercy, an alien can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." Id. (citing Etchu-Njang v. Gonzales, 403 F.3d 577, 585 (8th Cir. 2005)). Consequently, Nunez-Portillo's constitutional claim fails.

### III. Conclusion

For the reasons above, we deny Nunez-Portillo's petition for review.

_____