NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1499
_____

J. FELIX MATEO GUILLEN-MARTINEZ,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES OF AMERICA,
Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
BIA No. A215-928-617
(U.S. Immigration Judge: Alice S. Hartye)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2020

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges*.

(Filed January 5, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

J. Felix Guillen-Martinez, a Mexican citizen, petitions for review of the Board of Immigration Appeals's order dismissing his appeal and affirming the Immigration Judge's order denying cancellation of removal. In its decision, the Board agreed with the Immigration Judge that Guillen-Martinez did not merit cancellation of removal as a matter of discretion. Guillen-Martinez contends the Board and Immigration Judge failed to apply the correct legal standard to the established facts. We disagree and will deny Guillen-Martinez's petition to the extent it raises a question of law. To the extent Guillen-Martinez asks us to review the Board's discretionary weighing of the equities, we will dismiss the petition for lack of jurisdiction.

## I.

After the Government began proceedings to remove Guillen-Martinez, he conceded removability but sought cancellation of removal under 8 U.S.C. § 1229b(b). At the conclusion of Guillen-Martinez's immigration hearing, the Immigration Judge ("IJ") denied his application for cancellation of removal. The IJ found that Guillen-Martinez did not establish the requisite exceptional and extremely unusual hardship to a qualifying relative. In the alternative, the IJ found that Guillen-Martinez did not merit a grant of cancellation as a matter of discretion. In making her discretionary determination, the IJ balanced adverse factors evidencing Guillen-Martinez's undesirability as a permanent resident against positive factors supporting cancellation of removal. As for the positive factors, the IJ highlighted that Guillen-Martinez has resided in the United States for over two decades, has children who are U.S. citizens, has worked consistently, and his

2

employer and his employer's wife testified that he was a good worker whom they would rehire. The IJ also reviewed the adverse factor of Guillen-Martinez's criminal history, which includes four DUI arrests leading to three convictions, as well as an arrest for a domestic incident that did not lead to a conviction. The IJ concluded that Guillen-Martinez's "criminal history, particular[ly] the number of DUI arrests and convictions, outweigh[s] the positive factors." Guillen-Martinez appealed the IJ's decision to the Board.

The Board dismissed Guillen-Martinez's appeal, agreeing with the IJ's determination that Guillen-Martinez did not merit cancellation of removal as a matter of discretion based on his criminal history.[1] The Board noted some of the factors favorable to Guillen-Martinez, including his length of residence in the United States, his significant family ties in the United States, and his employment history. But, ultimately, the Board found that Guillen-Martinez's record of arrests and convictions outweighed the positive factors. Guillen-Martinez petitions for review.

## II.

## A.

An applicant for cancellation of removal must satisfy statutory eligibility requirements, 8 U.S.C. § 1229b(b)(1), and establish he warrants relief as a matter of discretion. *In re C-V-T-*, 22 I. & N. Dec. 7, 10 (BIA 1998). In exercising her discretion, an IJ "must balance the adverse factors . . . with the social and humane considerations . . .

---

[1] In his brief, Guillen-Martinez raises challenges regarding the IJ's exceptional and extremely unusual hardship determination, but the Board declined to reach that finding, and it is thus not before us.

3

to determine whether the granting of . . . relief appears in the best interest of this country." *In re C-V-T-*, 22 I. & N. Dec. at 11 (last alteration in original) (quoting *Matter of Marin*, 16 I. & N. Dec. 581, 584–85 (BIA 1978)). The existence of a criminal record is an adverse factor, whereas evidence of genuine rehabilitation and evidence of hardship to family members if the petitioner is removed are positive factors. *Matter of Marin*, 16 I. & N. Dec. at 584–85.

We lack jurisdiction to review discretionary denials of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B)(i), and may not "reweigh the proper factors and make our own judgment call," *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d. Cir 2020). But we retain jurisdiction to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).[2] The phrase "'questions of law' includes the application of a legal standard to established facts." *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1072 (2020).

The Government contends we lack jurisdiction to review Guillen-Martinez's claim. To the extent Guillen-Martinez merely disagrees with the Board's discretionary balancing of the equities, the Government is correct. But the core of Guillen-Martinez's argument is that the Board and IJ failed to apply the proper standard to the established facts.[3] Specifically, Guillen-Martinez contends the Board and IJ failed to consider two positive factors: rehabilitation from his criminal offenses and the hardship to his family

---

[2] We review issues of law and constitutional claims de novo. *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

[3] Guillen-Martinez also contends the IJ's consideration of crimes he committed more than ten years prior to his application for cancellation of removal infringed upon his due process rights. But Guillen-Martinez points to no law forbidding an IJ from considering such crimes in making a discretionary determination.

members if he were removed. We have jurisdiction to review whether the Board failed to apply the proper factors. *See Gomez-Perez v. Holder*, 569 F.3d 370, 372–73 (8th Cir. 2009) (holding the court had jurisdiction where petitioner argued the Board "applied an incorrect legal standard by focusing on the present circumstances of his children rather than on the future hardships that they would face if he were removed" because that argument raised a question of law); *cf. Hernandez-Morales*, 977 F.3d at 249 (noting that we have jurisdiction over claims alleging the Board considered an improper legal factor). We find, however, that the Board and IJ did consider the proper factors, including rehabilitation and the hardship to Guillen-Martinez's family members if he were removed.

The Board noted that Guillen-Martinez had an employment history, significant family ties, and equitable and humanitarian factors weighing in his favor. The IJ noted that Guillen-Martinez loves and supports four children, all of whom live in the United States, and recognized that Guillen-Martinez had not been arrested for DUI since 2007. Accordingly, neither the Board nor the IJ ignored considerations of Guillen-Martinez's family or rehabilitation in making their determinations.[4]

Guillen-Martinez presented a sympathetic claim, but we find the Board and IJ applied the correct legal standard to the established facts. We will deny his petition to the extent it raises a question of law. To the extent Guillen-Martinez's petition asks us to

---

[4] While it would have been preferable for the Board and IJ to explicitly reference rehabilitation and hardship to family members, we find no reason to doubt that the Board and IJ considered those factors.

review the Board's discretionary decision, we will grant the Government's motion to dismiss the petition for lack of jurisdiction.

## III.

For the reasons provided, we will affirm the dismissal.