# United States Court of Appeals
## For the Eighth Circuit

—————————————

No. 20-2624

—————————————

Elzar Rene Orpinel-Robledo, also known as Elzar Rene Opinel

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: April 13, 2021
Filed: July 19, 2021

————————

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

————————

WOLLMAN, Circuit Judge.

Elzar Rene Orpinel-Robledo petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for cancellation of removal. We deny the petition.

---

[1]Attorney General Garland is substituted as respondent under Federal Rule of Appellate Procedure 43(c)(2).

Orpinel-Robledo, a native and citizen of Mexico, entered the United States without inspection in either 1995 or 1996. The Department of Homeland Security initiated removal proceedings against him in 2011. Orpinel-Robledo admitted to being in the United States illegally, but requested cancellation of removal under 8 U.S.C. § 1229b(b)(1), which allows for cancellation of removal if "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." Orpinel-Robledo claimed that his three children, all of whom are United States citizens, would suffer "exceptional and extremely unusual hardship" if he were removed.

Immigration Judge Megan Foote Monsky conducted Orpinel-Robledo's removal hearing. Judge Monsky was unavailable to complete the decision, however, and the case was re-assigned to Immigration Judge Nancy J. Paul pursuant to 8 C.F.R. § 1240.1(b) (2020). Judge Paul familiarized herself with the complete record of Orpinel-Robledo's proceedings and found the testimony of Orpinel-Robledo and his two witnesses to be credible. The chief hardships identified by Orpinel-Robledo were separation from his daughters, the likelihood that his oldest daughter would spend less time with his family in the United States, and the uncertainty of his finding work in Mexico. After reviewing the record, Judge Paul found that all of Orpinel-Robledo's children were healthy and that his school-aged children were "doing well in school." She determined that his children lived with their respective mothers and step-fathers, who "ensure that they are loved and cared for." Finding that Orpinel-Robledo was "healthy and capable of finding work in Mexico" with local family members' assistance, Judge Paul determined that Orpinel-Robledo's removal would not place "exceptional and extremely unusual hardship" on his children and accordingly denied his application.

Orpinel-Robledo appealed Judge Paul's order to the BIA, arguing that the substitution of immigration judges constituted a violation of his due process rights. The BIA affirmed Judge Paul's decision, concluding that substitution was proper and that Orpinel-Robledo had not shown that he had suffered any prejudice from the substitution. Orpinel-Robledo now asserts that the substitution of immigration judges violated both the text of the statute and his due process rights.

Orpinel-Robledo argues that the statute's use of "the" before "immigration judge" requires the same immigration judge to conduct both the merits hearing and the decisional process. The statute begins, "An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." 8 U.S.C. § 1229a(a)(1). The statute then provides, "At the conclusion of the proceeding the immigration judge shall decide whether an alien is removable from the United States. The determination of the immigration judge shall be based only on the evidence produced at the hearing." Id. § 1229a(c)(1)(A). Read in context, the phrase "*the* immigration judge" thus refers back to "*an* immigration judge." Accordingly, the phrase "the immigration judge" used in subsequent clauses simply refers to whichever immigration judge is conducting that part of the removal proceedings; the phrase does not require that the first immigration judge oversee the case from initiation to completion. See Nielsen v. Preap, 139 S. Ct. 954, 965 (2019) ("Here grammar and usage establish that 'the' is a function word indicating that a following noun or noun equivalent is definite or has been previously specified by context." (cleaned up)).[2] Indeed, we have previously upheld the similar substitution of immigration judges. See, e.g., Caballero-Martinez v. Barr, 920 F.3d 543, 546 (8th Cir. 2019). The substitution here was equally permissible.

---

[2]We conclude that the Supreme Court's decision in Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), which addressed the use of the indefinite article "a" in the context of a notice to appear, has no direct bearing on the issue involved in this case. See id. at 1480–85.

Moreover, Judge Paul fully complied with the governing regulations, which required her to "familiarize . . . herself with the record in the case and . . . state for the record that . . . she has done so," 8 C.F.R. § 1240.1(b) (2020). Like the substitute immigration judge in Caballero-Martinez, Judge Paul found the petitioner and his witnesses to be credible, despite ultimately finding his hardship evidence insufficient. See 920 F.3d at 547 ("[U]ltimately, the [substitute immigration judge] denied relief not because [the petitioner] was insincere in alleging hardship, but because his hardship evidence was insufficient.").

We also reject Orpinel-Robledo's argument that the substitution of immigration judges violated his due process rights. To establish a due process violation, "a party must demonstrate a protected liberty or property interest[,]" which primarily requires showing "an expectation of receiving some measure of relief." Nunez-Portillo v. Holder, 763 F.3d 974, 977 (8th Cir. 2014) (citations omitted). The executive branch has "unfettered discretion" over removal cancellations, however, and "an alien [therefore] can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights." Id. (citation omitted).

We therefore deny Orpinel-Robledo's petition for review.

_____