**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2200

_____

DANIEL REYES-LOPEZ,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A216-647-445)
U.S. Immigration Judge: Nicholas A. Martz
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 11, 2022

Before: AMBRO, SCIRICA, and TRAXLER[*], *Circuit Judges*.

(Filed: May 17, 2022)

_____

OPINION[**]

_____

---

[*] Honorable William Traxler, Senior Circuit Judge, United States Court of Appeals for the Fourth Circuit, sitting by designation

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Petitioner Daniel Reyes-Lopez, a Mexican citizen, seeks review of a Board of Immigration Appeals ("BIA") decision affirming the denial of his application for cancellation of removal. Because the BIA applied the correct legal standards as to whether Reyes-Lopez's removal would result in "exceptional and extremely unusual hardship" to Reyes-Lopez's children, we lack jurisdiction to review the BIA's discretionary denial of Reyes-Lopez's application for cancellation of removal. Accordingly, we will deny Reyes-Lopez's petition.

I.

Reyes-Lopez, a native and citizen of Mexico, has been living in the United States since 2007. In October 2020, Reyes-Lopez was charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i).[1] Reyes-Lopez conceded removability as charged but requested cancellation of removal pursuant to 8 U.S.C. § 1299b(b).[2]

---

[1] "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).

[2] Under 8 U.S.C. § 1229b(b), the Attorney General may cancel the removal of a noncitizen who is removable from the United States if the noncitizen:

2

On December 14, 2020, the immigration judge denied Reyes-Lopez's application for cancellation of removal. The only issue in dispute was whether Reyes-Lopez's two United States citizen children, Elias and Etai, would experience "exceptional and extremely unusual hardship" if Reyes-Lopez were removed to Mexico. 8 U.S.C. § 1229b(b)(D). Regarding this requirement for cancellation of removal, the immigration judge found that Reyes-Lopez's children would not experience hardship substantially beyond the ordinary hardship expected when a close family member is required to leave the country. Reyes-Lopez appealed the immigration judge's decision to the BIA.

On May 21, 2021, the BIA dismissed Reyes-Lopez's appeal, concluding that the immigration judge had properly considered the evidence in the aggregate and that Reyes-Lopez had not met his burden of demonstrating his children would experience exceptional and extremely unusual hardship were he removed. Reyes-Lopez petitioned for review to this Court.

---

(A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;

(B) has been a person of good moral character during such period;

(C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and

(D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

## II.

We review the BIA's opinion, as well as the parts of the immigration judge's opinion adopted by the BIA. *Dutton-Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017). We review legal and constitutional claims de novo. *Id.* But we lack jurisdiction to review discretionary denials of relief, such as a petitioner's claim for cancelation of removal under § 1229b, beyond any legal or constitutional issues raised. 8 U.S.C. § 1252(a)(2)(B)(i), (D); *see also Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc) ("Under the REAL ID Act, factual or discretionary determinations are outside of our scope of review.").

## III.

The BIA dismissed Reyes-Lopez's appeal because he did not meet his burden to prove his children would suffer exceptional and unusual hardship were he removed. This determination is "'a quintessential discretionary judgment' over which we lack jurisdiction." *Hernandez-Morales v. Att'y Gen.*, 977 F.3d 247, 249 (3d Cir. 2020) (quoting *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003)). Nonetheless, Reyes-Lopez makes two arguments for why we have jurisdiction over his challenge to the denial of his application for cancellation of removal. Both fail.

First, Reyes-Lopez contends the BIA applied the wrong legal standard in making the hardship determination at issue here, which would constitute a legal error we have jurisdiction to review. Pet'r's Br. at 12-17; *see also Pareja v. Att'y Gen.*, 615 F.3d 180, 188 (3d Cir. 2010) ("[W]here the BIA is alleged to have made a hardship determination based on an erroneous legal standard . . . our jurisdiction to review that determination is

4

secure." (internal quotation marks and citation omitted)).  But even for alleged legal errors, our "narrowly circumscribed" jurisdiction under § 1252(a)(2)(B)(i) and (D) only reaches "colorable claims or questions of law."  *Id.* at 186 (quoting *Cospito v. Att'y Gen.*, 539 F.3d 166, 170 (3d Cir. 2008) (per curiam)).

Reyes-Lopez's legal claim here is not colorable.  Reyes-Lopez contends the BIA applied the incorrect legal standard because it "focused solely on the children's present condition rather than the financial and emotional hardship they would face should their father be removed."  Pet'r's Br. 15.[3]  But, contrary to his argument, the BIA and the immigration judge did consider how the children's condition would be affected were Reyes-Lopez removed.  *See* Certified Administrative Record ("A.R.") 3 ("[Reyes-Lopez's] children will continue living with their mother in the United States should [Reyes-Lopez] return to Mexico."  (citations omitted)); *id.* at 70 ("The children would

---

[3] Reyes-Lopez does not make legal arguments supporting what he claims the proper legal standard under § 1229b(b)(1)(D) should be.  Rather, he repackages his challenge to the BIA's balancing of evidence under § 1229b(b)(1)(D) as a legal challenge to obtain jurisdiction over what are in fact unreviewable discretionary determinations.  "[A] party may not dress up a claim with legal clothing to invoke this Court's jurisdiction."  *Hernandez-Morales*, 977 F.3d at 249 (quoting *Pareja*, 615 F.3d at 187).

Reyes-Lopez does highlight that several of our sister courts have held the proper legal standard under § 1229b(b)(1)(D) requires the BIA to consider the future hardships a qualifying family member would face were a petitioner to be removed from the United States.  Pet'r's Br. 15-16 (citing *Gomez-Perez v. Holder*, 569 F.3d 370 (8th Cir. 2009) and *Figueroa v. Mukasey*, 543 F.3d 487 (9th Cir. 2008)).  But here, Reyes-Lopez cannot colorably claim the BIA failed to consider the future hardship his children would face were he to be removed.  Accordingly, we need not address the precise contours of the correct legal standard for § 1229b(b)(1)(D), as doing so is not required to decide this case.

certainly suffer a degree of emotional stress or harm if [Reyes-Lopez] were ordered removed from the United States. And [Reyes-Lopez] would not be able to provide the same level of support he currently provides."); *id.* at 72 (noting that unlike children who leave the country when a parent is removed, Reyes-Lopez's children "will remain in the United States" and "will receive the same educational opportunities they have been receiving since their birth here"); *id.* ("[T]here will be less support provided to [the children's mother] by [Reyes-Lopez] if he were ordered removed."); *id.* ("[The children's mother] does have a support structure here in the United States to assist her with the children in [Reyes-Lopez's] absence, including an aunt and at least one cousin."). And the BIA did not err by considering relevant aspects of the children's present condition where Reyes-Lopez had not demonstrated that those aspects would change upon his removal. *E.g.*, *id.* at 3 ("[Reyes-Lopez] did not establish that his return to Mexico would have an economic impact on his children so severe that it would constitute exceptional and extremely unusual hardship, particularly considering that their mother has been responsible for all of their living expenses while the respondent was detained." (citation omitted)). Because the BIA considered more than the present circumstances of Reyes-Lopez's children in reaching its hardship determination, Reyes-Lopez does not have a colorable claim the BIA applied an incorrect legal standard. Accordingly, we lack jurisdiction to review this claim.

Second, Reyes-Lopez argues hardship determinations made under § 1229b(b)(1)(D) are mixed questions of law and fact that we have jurisdiction to review. Pet'r's Brief 18. But while some of our sister courts have adopted this approach, the law

in this Circuit is clear: "[W]hether hardship is 'exceptional and extremely unusual' 'is a quintessential discretionary judgment' over which we lack jurisdiction." *Hernandez-Morales*, 977 F.3d at 249 (quoting *Mendez-Moranchel*, 338 F.3d at 178-79).[4]  Only the en banc Court can overrule this prior panel decision.  IOP 9.1, Policy of Avoiding Intra-circuit Conflict of Precedent.

## IV.

Because we lack jurisdiction to review Reyes-Lopez's petition, we will dismiss it.

---

[4] Several of our sister courts have relied on the Supreme Court's decision in *Guerrero-Lasprilla v. Barr*, __ U.S. __, 140 S. Ct. 1062 (2020), to hold courts have jurisdiction to review hardship determinations under § 1229b(b)(1)(D).  *See Gonzalez Galvan v. Garland*, 6 F.4th 552, 555 (4th Cir. 2021); *Trejo v. Garland*, 3 F.4th 760, 773 (5th Cir. 2021); *Singh v. Rosen*, 984 F.3d 1142, 1149 (6th Cir. 2021).  But the governing precedent in this Circuit regarding our jurisdiction over hardship determinations under § 1229b(b)(1)(D), *Hernandez-Morales*, postdates and distinguishes *Guerrero-Lasprilla*, *see Hernandez-Morales*, 977 F.3d at 249, foreclosing an argument that *Guerrero-Lasprilla* changed the law of the Circuit on this issue.