# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2745

———————————————

Jaime Barboza-Cruz

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: May 9, 2023
Filed: July 19, 2023
[Unpublished]

——————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Jaime Barboza-Cruz, a native and citizen of Mexico, petitions for review from an order of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) decision to deny his application for cancellation of removal. We dismiss the petition for review in part and deny the petition for review in part.

Barboza-Cruz entered the United States without being lawfully admitted in the early 2000s. On April 16, 2010, the Department of Homeland Security (DHS) commenced removal proceedings against him, charging Barboza-Cruz with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present without being admitted or paroled. Barboza-Cruz admitted to the factual allegations charged in the Notice to Appear and conceded removability. However, he submitted applications for asylum, statutory withholding of removal, protection under the Convention Against Torture (CAT), cancellation of removal, and voluntary departure.

Regarding his application for cancellation of removal, Barboza-Cruz argued that his removal would result in an "exceptional and extremely unusual hardship" to his daughter, a qualifying United States citizen. 8 U.S.C. § 1229b(b)(1)(D). Specifically, he argued that his removal would likely render him unable to pay child support and affect the close relationship he has with his daughter, causing her economic and emotional hardship. In support of his argument, the IJ heard testimony from Barboza-Cruz as well as the daughter's mother. In reviewing the claim, the IJ noted that the daughter had no health issues and was doing well in school. While the IJ admitted that there would be emotional hardship, he found that such hardship did not "rise to the level of exceptional and extremely unusual hardship" needed to obtain relief. Accordingly, the IJ denied Barboza-Cruz's application for cancellation of removal. The IJ also denied his applications for asylum, statutory withholding of removal, and CAT protection but granted his application for voluntary departure.

Barboza-Cruz appealed the IJ's decision to the BIA. First, he argued that the proceedings needed to be remanded to the IJ because the transcript of his proceedings was defective, preventing the BIA from conducting a full and fair review of his appeal. Specifically, Barboza-Cruz noted that the portions of the transcript containing the colloquy between the IJ and the daughter's mother were missing. He next argued, as relevant to this appeal, that the IJ erred in denying his

application for cancellation of removal. He contended that the daughter's economic and emotional hardship met the threshold for relief and that the IJ did not fully consider and weigh the evidence before him.

The BIA affirmed the IJ's decision and dismissed the appeal. It noted that Barboza-Cruz had not identified the information missing from the transcript that would impact its review. As to Barboza-Cruz's application for cancellation of removal, the BIA found that the daughter's hardship was insufficient to warrant relief and that the IJ discussed all the relevant emotional and financial considerations. Accordingly, the BIA affirmed the denial of Barboza-Cruz's application for cancellation of removal.[1]

## II.

Barboza-Cruz petitions this Court for review of the BIA's order, arguing that (1) the BIA violated his due process rights when it reviewed his claim for cancellation of removal with a deficient transcript and (2) the BIA erred in affirming the denial of his application for cancellation of removal. We address each argument in turn.

## A.

We review whether Barboza-Cruz's due process rights were violated de novo, "as that inquiry is purely legal in nature." Holmes v. Garland, 37 F.4th 520, 523 (8th Cir. 2022). "To establish a due process violation, 'a party must demonstrate a protected liberty or property interest[,]' which primarily requires showing 'an expectation of receiving some measure of relief.'" Orpinel-Robledo v. Garland, 5 F.4th 893, 895 (8th Cir. 2021) (citation omitted). Barboza-Cruz contends only that

---

[1]Barboza-Cruz also appealed the denial of his other requested forms of relief, which the BIA affirmed. Barboza-Cruz does not further challenge these findings in his petition for review. Accordingly, we have recited only the procedural history relevant to the matters on appeal.

the alleged error—i.e., the deficient transcript—affected review of his application for cancellation of removal. See Pet'r's Br. 11-12. However, Barboza-Cruz's claim is foreclosed, as we have held that an alien has no constitutionally protected liberty interest in the discretionary remedy of cancellation of removal. See id. ("The executive branch has 'unfettered discretion' over removal cancellations, however, and 'an alien [therefore] can have no constitutionally protected liberty interest in such speculative relief and cannot state a claim for a violation of due process rights.'" (citation omitted)); see also Hernandez v. Att'y Gen., 784 F. App'x 742, 750 (11th Cir. 2019) (holding that petitioner provided with "an incomplete transcript of his hearing" did not have a cognizable due process interest in cancellation of removal). Accordingly, we deny Barboza-Cruz's petition for review as it relates to this claim.

B.

Next, we turn to the denial of Barboza-Cruz's application for cancellation of removal. "To qualify for cancellation of removal, an alien must show: (1) continuous physical presence in the United States for at least 10 years; (2) good moral character; (3) no convictions of certain crimes; and (4) removal would result in 'exceptional and extremely unusual hardship' to a qualifying relative." Gonzalez-Rivas v. Garland, 53 F.4th 1129, 1131 (8th Cir. 2022) (citation omitted). The IJ and the BIA denied Barboza-Cruz's application because he failed to demonstrate that his daughter, a qualifying relative, would face an exceptional and extremely unusual hardship as a result of his removal. As an initial matter, we recognize that our jurisdiction to review claims related to cancellation of removal is limited. See Garcia-Pascual v. Garland, 62 F.4th 1096, 1100-01 (8th Cir. 2023) ("Congress has sharply circumscribed judicial review of the discretionary-relief process." (quoting Patel v. Garland, 142 S. Ct. 1614, 1619 (2022))). We lack jurisdiction to review the agency's factual findings, as well as "the [BIA's] determination that a citizen would face exceptional and extremely unusual hardship." Id. at 1101 (citation omitted). However, we have jurisdiction to review "constitutional claims or questions of law raised upon a petition for review." Id. (citation omitted).

-4-

Barboza-Cruz contends that the IJ and the BIA applied the wrong legal standard in evaluating the daughter's hardship. Whether the agency applied the correct legal standard is a question of law which we may review. Gonzalez-Rivas, 53 F.4th at 1131; see also Gomez-Perez v. Holder, 569 F.3d 370, 373 (8th Cir. 2009). We review such questions de novo. See Garcia-Pascual, 62 F.4th at 1100. As always, "[w]e review the BIA's decision, as it is the final agency decision; however, to the extent that the BIA adopted the findings or the reasoning of the IJ, we also review the IJ's decision as part of the final agency action." Lemus-Coronado v. Garland, 58 F.4th 399, 402 (8th Cir. 2023) (citation omitted).

Barboza-Cruz claims that the IJ and the BIA applied the wrong legal standard by focusing only on present circumstances rather than on future hardship. We disagree with Barboza-Cruz's characterization of the IJ's and the BIA's orders. The IJ found that the daughter "*will*" suffer emotional hardship but that Barboza-Cruz did not establish "that his removal *would* result in an exceptional and extremely unusual hardship to his daughter." Administrative R. 48 (emphasis added). The BIA agreed, finding that "this hardship"—that is, that hardship which "his daughter *would* experience . . . should they be separated by [Barboza-Cruz's] removal"—was insufficient to meet the threshold for cancellation of removal. Administrative R. 4 (emphasis added). We have held the use of this language evidences the agency's consideration of future hardship. See Gomez-Perez, 569 F.3d at 373. Accordingly, we deny Barboza-Cruz's petition for review on this basis.

Barboza-Cruz also contends that the IJ and the BIA erred by not considering the economic hardship that his removal would have on the daughter. This question however falls outside of our jurisdiction. Garcia-Pascual, 62 F.4th at 1103 ("A petitioner's argument 'that the [BIA] applied the incorrect legal standard by failing to adequately consider certain factors' is actually a challenge to the [BIA's] discretionary determination that we lack jurisdiction to review." (citation omitted)). Accordingly, we dismiss the portion of Barboza-Cruz's petition for review for lack of jurisdiction.

## III.

For the foregoing reasons, we dismiss the petition for review in part and deny this petition for review in part.

_____