# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-2502

———————————————

Celvin Castillo-Rodriguez

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: May 11, 2023
Filed: August 4, 2023
[Unpublished]

——————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Celvin Castillo-Rodriguez wants to stay in the United States, but the Board of Immigration Appeals denied his request for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). We deny his petition for review in part and dismiss the rest.

Cancellation of removal requires satisfaction of certain eligibility criteria, *see id.* § 1229b(b)(1)(A)–(D), and "a favorable exercise of discretion," *Guled v. Mukasey*, 515 F.3d 872, 880 (8th Cir. 2008); *see Rodriguez v. Barr*, 952 F.3d 984, 989 (8th Cir. 2020). Here, the Board concluded that Castillo-Rodriguez did not deserve "a discretionary grant of relief" because he had been "arrested in Nebraska and charged with four counts of sexual assault of a child." The weight the Board gave to the pending charges "is precisely the discretionary determination Congress shielded from our review."[1] *Rodriguez*, 952 F.3d at 990; *see Zeah v. Holder*, 744 F.3d 577, 582 (8th Cir. 2014).

Seeking to escape 8 U.S.C. § 1252's jurisdictional limits, Castillo-Rodriguez complains that the Board failed to specify what standard of review it applied "to the question of discretion." *See Garcia-Mata v. Sessions*, 893 F.3d 1107, 1110 (8th Cir. 2018); *see also Ahmed*, 993 F.3d at 1032 (noting that whether the Board "applied the correct standard of review" is a legal question we can review under 8 U.S.C. § 1252(a)(2)(D)). Not so. The Board accurately stated that it reviews "issues of . . . discretion . . . under the de novo standard," and nothing in the order suggested it did otherwise. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Hernandez v. Garland*, 28 F.4th 917, 921 (8th Cir. 2022).

Finally, the government did not violate Castillo-Rodriguez's due-process rights by asking about his pending criminal charges. *See Nunez-Portillo v. Holder*, 763 F.3d 974, 976–77 (8th Cir. 2014) (observing that we can "review constitutional claims" under 8 U.S.C. § 1252(a)(2)(D) (citation omitted)). "The executive branch has 'unfettered discretion' over removal cancellations," so there was "no constitutionally protected liberty interest" at stake during the proceedings. *Orpinel-Robledo v. Garland*, 5 F.4th 893, 895 (8th Cir. 2021) (citation omitted). It follows

---

[1]Given that we lack the ability to review the Board's ultimate decision to deny relief, we do not address whether it applied the correct standard of review in its consideration of Castillo-Rodriguez's eligibility for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D); *see also Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022); *Ahmed v. Garland*, 993 F.3d 1029, 1034 n.2 (8th Cir. 2021).

that he "cannot state a claim for a violation of [his] due[-]process rights," no matter what questions the government asked him about the charges. *Id.* (citation omitted); *see Sanchez-Velasco v. Holder*, 593 F.3d 733, 737 (8th Cir. 2010).

We accordingly deny the petition for review in part and dismiss what remains for lack of jurisdiction.

_____